# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIE CUMMINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV-2015-86-KEW |
| ) | |
| TOWN OF ROFF, a municipal ) | |
| corporation, ) | **JURY TRIAL DEMANDED** |
| ) | **ATTORNEY LIEN CLAIMED** |
| Defendant. ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, and for her cause of action alleges:

## PARTIES

1. The Plaintiff is Julie Cummings, an adult resident of the State of Oklahoma.

2. The Defendant is the Town of Roff, Oklahoma (hereafter "Defendant" or "Town"), a municipal corporation located in Pontotoc County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's cause of action is for demotion and retaliatory wrongful termination in violation of the Family Medical Leave Act (FMLA), wrongful demotion and termination in retaliation for Plaintiff's protected speech in violation of Plaintiff's rights under the free speech clauses of the First Amendment of the United States Constitution (as made actionable by 42 U.S.C. § 1983) and Oklahoma's Constitution, art. 2, §22, and retaliatory termination in violation of Oklahoma's clearly established public policy protecting reports of misuse of public money and misconduct by public officials. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3). This Court has jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

4. All of the actions complained of occurred in Pontotoc County, and the Defendant can be served there. Pontotoc County is in the Eastern District of the United States District Courts for Oklahoma such that venue is proper in

this Court pursuant to 28 U.S.C. §1391.

## STATEMENT OF FACTS

5. Plaintiff is an adult female who was employed by the Defendant from approximately August 2012 until April 17, 2014.

6. Around November 2013, Plaintiff requested medical leave for surgery to treat injuries sustained in a car accident around July 2012.

7. Plaintiff took medical leave from around January 2014 until around March 13, 2014.

8. At the time of taking the medical leave, Plaintiff held the job positions of City Clerk, Court Clerk, and Treasurer, and was compensated at a rate of $18 per hour.

9. Plaintiff was qualified for her job and performed satisfactorily, having received only positive feedback concerning her job performance.

10. Either during her medical leave or upon return to work, the Defendant demoted the Plaintiff by taking away the job duties of City Clerk and Treasurer, and reduced Plaintiff's pay to $9 per hour.

11. Plaintiff's job duties were taken over by Marla Whitaker.

12. Prior to taking medical leave, Plaintiff had assisted the Police Chief of the Town of Roff in gathering information about the Town's repeated violations of the Oklahoma Open Records Act and other statutes and laws.

13. Plaintiff also assisted Mr. Bohanon by notarizing his request for the assistance of the Oklahoma State Bureau of Investigation (OSBI) in the investigation of the Defendant for such violations of Oklahoma law.

14. While Plaintiff was on medical leave, Defendant learned of Plaintiff's assistance in reporting the Defendant's unlawful conduct to the OSBI.

15. Specifically, Plaintiff was identified in the documents submitted to the OSBI which was provided to the Defendant during Plaintiff's medical leave.

16. Around March 13, 2014, Plaintiff advised Mayor Lyle Hedges that she was released to return to work on March 14, 2014.

17. Mr. Hedges refused to allow Plaintiff to return to work, claiming Plaintiff failed to follow "policies and procedures". However, Mr. Hedges, though asked, either was unable or unwilling to provide specific examples. Mr. Hedges told Plaintiff she could not return until after the board meeting scheduled for April 7, 2014. Plaintiff protested and informed Mr. Hedges that she had a right to return to her job.

18. During Defendant's regular meeting on April 7, 2014, an Executive Session was held regarding Plaintiff's employment. During the executive session, Defendant took away Plaintiff's City Clerk and Treasurer job duties and advised her that she would only hold the position of Court Clerk at a rate of $9.00/hr, resulting in a significant loss of income.

19. Such action was in violation of the FMLA, and in retaliation for the Plaintiff's exercise of her rights of free speech protected by the Oklahoma Constitution, art 2, § 22.

20. Plaintiff complained to Mayor Hedges that her demotion was because of her taking medical leave.

21. On April 17, 2014, Defendant held a special meeting where the decision was made to terminate Plaintiff's employment.

22. At the least, significant and/or motivating factors in the Plaintiff's demotion and termination included Plaintiff exercising her rights under the FMLA, and/or her protected action of reporting unlawful conduct of the Defendant.

23. As the direct consequence of the Defendant's actions, Plaintiff has suffered, and continues to suffer, lost wages (including back, present, and front pay, along with the value of benefits associated with such wages), and emotional distress/dignitary harm including worry, embarrassment, frustration, anxiety,

and similar unpleasant emotions.

24. Plaintiff has exhausted her administrative remedies by timely filing a tort claim against the Defendant on October 5, 2014. Such claim was deemed denied by the expiration of ninety (90) days after receipt of such claim. This period expired on January 2, 2015, and this suit is timely brought within one hundred and eighty (180) days of such denial.

## COUNT I

Plaintiff incorporates the previous allegations and further alleges:

25. Demotion, refusal to allow Plaintiff to return to work, suspension, and termination interfered with Plaintiff's rights under the FMLA and retaliation under the FMLA.

26. Under this Count Plaintiff is entitled to her lost wages and benefits, and liquidated damages.

27. Defendant's actions are neither justified nor privileged, and are willful as defined by the FMLA.

28. Plaintiff is also entitled to an award of attorney fees and costs.

## COUNT II

Plaintiff incorporates the previous allegations and further alleges:

29. Retaliatory termination after Plaintiff made protected reports of unlawful conduct of the Defendant violates Plaintiff's free speech rights under the First Amendment of the United States Constitution (as made actionable by 42 U.S.C. § 1983) and Oklahoma's Constitution, art. 2, §22.

30. Under this Count Plaintiff is entitled to her lost wages and benefits, and emotional distress/dignitary harm damages.

31. Plaintiff is also entitled to an award of attorney fees and costs.

## COUNT III

Plaintiff incorporates the previous allegations and further alleges:

32. Oklahoma public policy protects employees who have reported criminal wrongdoing of their employers from being terminated in retaliation for such reports. *See Tate v. Browning-Ferris, Inc.*, 1992 OK 72, 833 P.2d 1218, 1224 n. 24.

33. Plaintiff reported wrongdoing of her employer including violation of the Open Records Act (51 Okl. St. § 24A.17 and 25 Okl. St. § 314), actions of nepotism and conflicts of interest which could be considered a waste or mismanagement of public funds and properties, and other actions which could be considered a neglect of duties for which the officers could be ousted (22 Okl. St. §§ 1181, et seq).

34. Terminating Plaintiff in retaliation for her reports violates Oklahoma's clearly established public policy.

**WHEREFORE**, Plaintiff prays that she be awarded judgment against the Town for all such claims and that she be awarded her actual damages, together with pre- and post-judgment interest, attorney's fees, costs, and such other relief as may be determined appropriate.

**RESPECTFULLY SUBMITTED THIS 3rd DAY OF MARCH, 2015.**

HAMMONS, GOWENS, HURST
& ASSOCIATES

s/ Christine Coleman Vizcaino
Mark Hammons, OBA No. 3784
Christine E. Coleman, OBA No. 30527
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED
*Counsel for Plaintiff*